IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CR-51-FL-1
NO. 4:15-CV-104-FL

| | | |
|---|---|---|
| CECIL VANN GILBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, (DE 33, 37), and the government's motion to dismiss, (DE 39). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate James E. Gates, held an evidentiary hearing and entered a memorandum and recommendation ("M&R"), (DE 65), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the M&R, denies petitioner's motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty, without a plea agreement, on October 16, 2014, to the following charges in a four-count indictment: 1) distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (counts 1-3); and 2) possession with intent to distribute a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count 4). In presentence report filed December 22, 2014, the United States Probation Office calculated an advisory guidelines range of 151 to 188 months based upon petitioner's status as a career offender.

The presence report identified two predicate violent crime convictions applicable to petitioner's career offender status, for discharge of a weapon into an occupied property in Pitt County Superior Court, in Greenville, North Carolina. (Presentence report (DE 21) ¶¶ 14, 19). Petitioner did not lodge any objections to the advisory guidelines calculation in the presentence report, but rather objected to the suggestion therein that the court may wish to consider an upward departure for dismissed or uncharged conduct. Petitioner also filed a sentencing memorandum, arguing that a sentence at the bottom of the advisory guidelines range was appropriate.

The court sentenced petitioner on January 6, 2015, to a term of imprisonment of 188 months on each count to be served concurrently. Petitioner filed the instant motion to vacate on June 15, 2015, as corrected on June 29, 2015, asserting the following claims:

1)    The court erroneously applied the career offender enhancement.

2)    Ineffective assistance of counsel in failing to object to the career offender enhancement; failing to file an appeal as requested; and failing to consult with petitioner about the applicability of the career offender enhancement.

The government filed the instant motion to dismiss on August 6, 2015, arguing that petitioner's first claim and part of petitioner's second claim should be dismissed as a matter of law; and that the remaining part of petitioner's second claim regarding filing of an appeal should proceed to evidentiary hearing for resolution of disputed issues of fact.

The magistrate judge set the matter for evidentiary hearing on two issues:

1)    Whether trial counsel failed to file an appeal at petitioner's request; and

2)    Whether petitioner requested counsel to consult with petitioner about and challenge the career offender enhancement  pursuant to United States Sentencing Guidelines § 4B1.1 that

2

was ultimately applied by the court in determining his sentence.

Following hearing and supplemental briefing, the magistrate judge entered M&R recommending that petitioner's first claim should be dismissed, and recommending that petitioner's second claim should be denied on the merits, on the basis of findings of fact and determinations of law set forth in the M&R. Petitioner, through appointed counsel filed objections to the M&R and the government responded.

## DISCUSSION

A.    Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.    Analysis

Petitioner objects to the magistrate judge's credibility determination regarding petitioner's first claim that counsel failed to file an appeal as requested. In this case, the magistrate judge determined, based upon the record and evidence presented at evidentiary hearing, that petitioner did not unequivocally instruct his attorney to file an appeal. The magistrate judge found credible the testimony counsel, Richard E. Rowe, that petitioner did not instruct him to file an appeal either before or after the sentencing hearing. (See M&R (DE 65) at 12-13). This finding was supported by substantial evidence in the record, including Rowe's experience, Rowe's contemporaneous correspondence and file notes, and petitioner's actions following the resentencing hearing. (See id.). Upon de novo review, the court agrees with and adopts the magistrate judge's credibility determination.

Petitioner also objects to the magistrate judge's recommendation to dismiss, and in the alternative to deny, petitioner's claims that counsel failed to adequately inquiry into, consult with petitioner about, and object to application of the career offender enhancement. The magistrate judge correctly determined, however, that petitioner failed to demonstrate that the outcome at sentencing would have been different had counsel not engaged in the allegedly deficient performance. (See id. at 19). In addition, in light of the state of the law at the time of sentencing, as well as communications between counsel and petitioner, as determined credible by the magistrate judge,

4

counsel was not deficient in failing to consult further with petitioner about application of the career offender enhancement. (See id. at 20-22). Accordingly, upon de novo review, the court adopts the recommendation of the magistrate judge as to petitioner's ineffective assistance of counsel claims.[1]

The court writes separately to augment the analysis of the M&R on certain issues raised in petitioner's objections. Petitioner argues that United States v. Carthorne, 878 F.3d 458, 466 (4th Cir. 2017) compels a conclusion that counsel was defective in failing to further evaluate and object to petitioner's career offender status. Carthorne, however, is instructively distinguishable. There, the court concluded in post-conviction proceedings that counsel at sentencing was ineffective in failing to object to a defendant's career offender status, where "precedent at the time of [the defendant's] sentencing raised an obvious issue regarding whether [assault and battery of a police officer] qualified as a crime of violence" under the guidelines career offender provision in force at the time of sentencing. Id. at 468 (emphasis added). The court observed that there was a "strong basis" to object to the career offender enhancement based upon this predicate offense because "precedent in this Circuit strongly suggested that [assault and battery of a police officer] was not a crime of violence under the residual clause." Id. at 468 n. 5 & 469 (emphasis added).

The instant case presented no such obvious issue or strong basis for objection at time of sentencing. To the contrary, Fourth Circuit precedent strongly suggested that the offense of discharge of a firearm into occupied property was a crime of violence under the residual clause. In United States v. Ross, 416 F. App'x 289, 291 (4th Cir. 2011), the Fourth Circuit held that a South Carolina offense for "discharge of firearms at or into a dwelling house regularly occupied by persons . . . involves conduct that presents a serious potential risk of physical injury to another, and therefore

---

[1] Petitioner does not object to the magistrate judge's recommendation to dismiss his first claim based upon incorrect application of the career offender guideline. Finding no clear error in this determination, the court adopts the recommendation of the magistrate judge as to this claim.

meets the definition of a crime of violence" under the residual clause of the guidelines. Id. (internal

quotations omitted). In United States v. Mason, 392 F. App'x 171, 173 (4th Cir. 2010), the Fourth

Circuit observed that the defendant did "not deny that discharging a weapon into occupied property

is a crime of violence," id. and held that the district court erred in sentencing the defendant without

the enhancement where he had committed the offense of conspiracy to discharge a weapon into

occupied property, vacated the sentence imposed, and remanded for sentencing including the

enhancement. See id. at 172.

This court also had held prior to the time of petitioner's sentencing, in United States v.

Parral-Dominguez, No. 4:13-CR-80-FL, 2014 WL 3359331 (E.D.N.C. July 9, 2014), that the North

Carolina offense of discharging a firearm into occupied property was a crime of violence for

purposes of a similar, but narrower, sentencing enhancement in § 2L1.2 of the guidelines, which

defines a crime of violence as an offense that has as an element the "use of physical force against

the person of another." Id. at *2. There, the court noted by way of comparison that "numerous

Fourth Circuit decisions have held that offenses similar to a violation of N.C. Gen.Stat. § 14–34.1(a)

are crimes of violence for purposes of the Career Offender Guideline at U.S.S.G. § 4B1.1" which

turned on the residual clause in § 4B1.2, not present in § 2L1.2. Id.

In light of this precedent, counsel was not deficient at time of sentencing in failing to object

to petitioner's career offender enhancement premised upon convictions for discharging a firearm

into occupied property. Nor was counsel deficient in failing to further discuss with petitioner the

law regarding the same when consulting with petitioner about an appeal. Furthermore, there is not

a reasonable probability that the outcome at sentencing would have been different had counsel

objected, nor a reasonable probability petitioner would have appealed if counsel had discussed the

law regarding the same.

Petitioner suggests, nonetheless, that he received ineffective assistance of counsel because of the pendency of appeals that led to appellate decisions after petitioner's sentence, particularly the Fourth Circuit's decision reversing this court in United States v. Parral-Dominguez, 794 F.3d 440 (4th Cir. 2015), and the Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015). Counsel's performance, however, is to be judged from the perspective of counsel at the time of sentencing. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689 (1984). Counsel is not ineffective for failing to anticipate these later court rulings, or to act upon the basis of the pending appeals at the time, particularly where Parral-Dominguez and Johnson did not involve application of the residual clause in the guidelines. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[A]n attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

Accordingly, petitioner's claims of ineffective assistance of counsel are without merit and must be denied.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the recommendation of the M&R. Petitioner's motion to vacate (DE 33, 37) is DENIED, and the government's motion to dismiss (DE 39) is GRANTED.  A certificate of appealability is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of May, 2018.

LOUISE W. FLANAGAN
United States District Judge